*Singh-Kaur v. Lynch*

BIA
Vomacka, IJ
A200 815 942

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

PRESENT:
    DENNIS JACOBS,
    PETER W. HALL,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

JATINDER SINGH-KAUR, AKA SHELLY
JATINDER SINGH,
        *Petitioner,*

    v.                                     14-1214
                                           NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Amy Nussbaum Gell, Gell & Gell, New York, New York.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant Attorney General; Shelley R. Goad,

Assistant Director; Julia J. Tyler, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jatinder Singh-Kaur, a native and citizen of India, seeks review of a March 25, 2014, decision of the BIA affirming an April 12, 2012, decision of an Immigration Judge ("IJ") denying Singh-Kaur's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jatinder Singh-Kaur,* No. A200 815 942 (B.I.A. Mar. 25, 2014), *aff'g* No. A200 815 942 (Immig. Ct. N.Y. City Apr. 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Singh-Kaur's, which are governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's "demeanor, candor or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination.  The agency found that Singh-Kaur testified inconsistently regarding whether he was assaulted on March 25 or April 25 of 2010.  He also testified inconsistently about whether he had received a card or a letter denoting membership in his political party when he joined; he submitted neither as evidence.  At no stage of the proceedings did Singh-Kaur explain these inconsistencies in a manner that would compel a reasonable fact-finder to credit the explanation.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Further, the agency reasonably found that Singh-Kaur's corroborating evidence did not rehabilitate his inconsistent testimony, and sometimes called it into question. The letter he submitted from his political party stated that government agents attacked him; Singh-Kaur did not claim that his attackers were government agents. It was also reasonable for the agency to give Singh-Kaur's other evidence minimal weight: the affidavits were from interested parties and were submitted without versions in the language spoken by the affiants; and the letter from the hospital was reasonably deemed unreliable because it contained misspellings atypical of such documents, was submitted in an untimely manner, and was extremely vague regarding the nature and cause of Singh-Kaur's injuries. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341–42 (2d Cir. 2006).

Accordingly, a totality of the circumstances supports the agency's adverse credibility determination, which is dispositive of Singh-Kaur's claims for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5